# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF ALABAMA

In re                                    Case No. 05-32262-DHW
                                         Chapter 13
STEVEN C. JINRIGHT,

     Debtor.

## MEMORANDUM OPINION

On February 3, 2006, the chapter 13 debtor, Steven C. Jinright, filed an objection to the proof of claim of Childs & Childs Granite Co., Inc. (hereinafter "Childs"). Therein, Jinright contended that Childs's claim should be disallowed because it was late filed.

On February 13, 2006, Childs filed a response opposing the debtor's objection to its claim, and the matter was set for hearing on March 13, 2006. Present at the hearing was the debtor's attorney, S. Reid Dunlap. Richard C. Dean, Jr. stood in for the creditor's attorney, L. Daniel Mims.

### Jurisdiction

The court's jurisdiction in this matter is derived from 28 U.S.C. § 1334 and from the general order of the United States District Court for this district referring all title 11 matters to this court. Further, because this matter concerns the allowance (or disallowance) of a claim against the bankruptcy estate, it is a core proceeding, pursuant to 28 U.S.C. § 157(b)(2)(B), thereby extending the court's jurisdiction to the entry of a final order or judgment.

### Findings of Fact

Jinright filed this chapter 13 case on August 5, 2005. He listed Childs as an unsecured creditor, and Childs was given notice of the commencement of the case, which included, among other

information, the claims bar date.

In this case, the deadline for filing proofs of claims for non-governmental creditors was November 30, 2005.[1]  Childs first filed a proof of claim on December 5, 2005.[2]

## Conclusions of Law

Childs admits to receiving timely notice of Jinright's chapter 13 case on August 15, 2005.  It complains, however, that its failure to file a timely claim was due to its inability to obtain a login or password to this court's automated system.  Specifically, Childs asserts that it "attempted to attain said password on August 19, 2005, September 8, 2005, September 23, 2005, November 17, 2005, and November 22, 2005."  Finally, Childs "received login and password from [sic] Court on November 29, 2005, and subsequently filed its notice of appearance. . . ."  *See* <u>Response Of Childs & Childs Granite Co., Inc. To Objection To Claim Of Unsecured Creditor</u>, Doc. # 23.

In short, without using the phrase "excusable neglect," Childs requests its late-filed claim allowed for that reason.  Unfortunately for Childs, excusable neglect is not a basis for extending the bar date for filing a claim in a chapter 13 case, and the debtor's objection to the claim must be sustained.

---

[1] The last date for filing proofs of claim in chapter 13 cases is 90 days after the first date set for the meeting of creditors.  *See* Fed. R. Bankr. Proc. 3002(c).  In this case, the first date set for the creditors' meeting was September 1, 2005.

[2] The December 5, 2005 claim, designated as claim #5, was for $46,205.10 of which $7,443.34 was denominated as secured with the balance marked unsecured.  Later, on January 24, 2006, Childs amended claim #5 with claim #6, which showed the entire $46,205.10 claim as unsecured.  Finally, on the same day, January 24, 2006, Childs filed claim #7, which purports to further amend claim #5 but is identical to claim #5.

"[Bankruptcy] Rule 9006 is a general rule governing the computation, enlargement, and reduction of periods of time prescribed in other bankruptcy rules." *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 382, 113 S. Ct. 1489, 1491, 123 L. Ed. 2d 74 (1993). Under Fed. R. Bankr. Proc. 9006(b)(1), on motion made after the expiration of the period originally specified, the court may enlarge the period for taking an action where the failure to act was the result of excusable neglect. The Supreme Court determined that Rule 9006(b)(1) allows the court to extend the time for filing a proof of claim in a chapter 11 case. *Id.* at 389.

Fed. R. Bankr. Proc. 9006(b)(3), however, limits the court's ability to the enlarge the time provided under certain Rules. That Rule provides: "The court may enlarge the time for taking action under Rules . . . 3002(c) . . . only to the *extent and under the conditions stated in those rules.* Fed. R. Bankr. Proc. 9006(b)(3) (emphasis added).

Fed. R. Bankr. Proc. 3002(c) specifies that the time for filing claims in a chapter 7, 12, or 13 case is within "90 days after the first date set for the meeting of creditors." The rule enumerates five exceptions to the 90-day period thereby permitting the enlargement of the time for filing claims for the reasons enumerated. Excusable neglect is not one of those exceptions.[3] It follows that the 90-day deadline for filing claims in chapter 7, 12, and 13 cases cannot be extended for excusable neglect. *Zidell, Inc. v. Forsch (In re Coastal Alaska Lines, Inc.)*, 920 F.2d 1428, 1432-33 (9th Cir. 1990); *Jones v. Arross*, 9 F.3d 79, 81 (10th Cir. 1993); *In re Jones*, 154 B.R. 816, 818 (Bankr. M.D. Ga. 1993).

The court notes that the creditor could have filed the claim by mailing the claim to the court at any time within the 90-day period. Under the court's local rules, a creditor is not required to file a claim

---

[3] The parties have not asserted that any of the other exceptions are applicable to this case.

electronically unless that creditor "files more than 50 proof of claim forms, amendments of proofs of claim forms, or transfers of claim forms in any calendar year." LBR 3002-2, Bankr. M.D. Ala.

Conclusion

For these reasons the court is persuaded that excusable neglect is not a basis for enlarging the creditor's time to file a claim in this chapter 13 case. Pursuant to Fed. R. Bankr. Proc. 9021 a separate order, consistent with this opinion, will enter sustaining the debtor's objection to the claim of Childs.

Done this the 22nd day of March, 2006.

/s/ Dwight H. Williams, Jr.
United States Bankruptcy Judge

c: Debtor
S. Reid Dunlap, Attorney for Debtor
L. Daniel Mims, Attorney for Creditor
Curtis C. Reding, Trustee