# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF ALABAMA

In re                                             Case No. 05-32262-DHW
                                                  Chapter 13
STEVEN C. JINRIGHT,

    Debtor.

## MEMORANDUM OPINION

Before the court is Childs & Childs Granite Co., Inc.'s ("Childs") motion to reconsider this court's March 22, 2006 order disallowing its claim as late filed.[1] The motion came on for hearing on April 17, 2006. Following the hearing, both Steven C. Jinright and Childs filed briefs in support of their respective positions. For the following reasons, Childs' unsecured claim is due to be allowed.

### Jurisdiction

The court's jurisdiction in this contested matter is derived from 28 U.S.C. § 1334 and from the United States District Court for this district's general order referring title 11 matters to the Bankruptcy Court. Further, because this is a core proceeding under 28 U.S.C. § 157, the court's jurisdiction is extended to the entry of a final order or judgment.

### Procedural History and Undisputed Facts

Jinright filed this chapter 13 case on August 5, 2005. He listed Childs as an unsecured creditor, and Childs was given notice of the commencement of the case, which included, among other information, the claims bar date.

---

[1] Childs' motion to reconsider was filed on April 3, 2006 and is Doc. #37. Later, on April 21, 2006, Childs filed a supplement to its motion to reconsider that is Doc. #43.

In this case, the deadline for filing proofs of claim for non-governmental creditors was November 30, 2005. On December 5, 2005, after the claims bar date had past, Childs first filed its proof of claim. Later, on January 24, 2006, Childs amended its December 5, 2005 proof of claim.

On December 22, 2005, Jinright filed a motion to avoid the judicial lien of Childs (Doc. #17). Pursuant to local rule of this court, LBR 9007-1(a)(3), when no timely objection to the motion was filed, an order entered on January 18, 2006, granting Jinright's motion and avoiding Childs' judicial lien (Doc. #18).

Conclusions of Law

Upon consideration of the debtor's objection to Childs' claim, this court concluded that the claim was filed after the bar date and that excusable neglect was not a basis for extending the bar date in a chapter 13 case. *See* Memorandum Opinion (Doc. #32), March 22, 2006. Seeking reconsideration of that order, Childs advances three additional arguments for why its claim should be allowed.

First, Childs contends that the Code provides authority to reconsider and to allow a previously disallowed claim. The Code provides: "A claim that has been allowed or disallowed may be reconsidered for cause. A reconsidered claim may be allowed or disallowed according to the equities of the case." 11 U.S.C. §502(j).

Ordinarily, relief from an order or judgment is obtained through Fed. R. Civ. Proc. 59 and 60. Under both of these rules of procedure, time limitations are established for bringing such motions. For example, under Fed. R. Civ. Proc. 59, a motion to alter or amend a judgment must be filed no later than 10 days after the entry of the judgment. *See* Fed. R. Civ. Proc. 59(e). Similarly, under Fed. R. Civ. Proc. 60, motions for relief from a judgment are time restricted. *See* Fed. R. Civ. Proc. 60(b) limiting the filing of

2

such motions to a reasonable time in certain instances and not more than one year in others.

Fed. R. Civ. Proc. 59 and 60 are made applicable to bankruptcy proceedings through Fed. R. Bankr. Proc. 9023 and 9024. However, the time prescriptions of Rule 9023 do not apply to reconsideration of claims.[2] The one-year limitation in Rule 60(b) does not apply to "reconsideration of an order allowing or disallowing a claim against the estate entered without a contest." Fed. R. Bankr. Proc. 9024.

While reconsideration of an order allowing or disallowing a claim may be made at any time, it does not follow that § 502(j) permits an extension of the claims bar date when the law and rules otherwise prohibit such extension. Merely because the statute permits reconsideration of orders on claims does not dictate that reconsideration will result in an amended order.

Next Childs contends that its claim falls within the executory contract exception of Fed. R. Bankr. Proc. 3002(c). The Rule provides: "A claim arising from the rejection of an executory contract or unexpired lease of the debtor may be filed within such time as the court may direct." Fed. R. Bankr. Proc. 3002(c)(4).

Under 11 U.S.C. § 365, with limited exceptions, the trustee may assume or reject any executory contract or unexpired lease of the debtor. The text of the statute provides:

> (a) Except as provided in sections 765 and 766 of this title and in subsections (b), (c), and (d) of this section, the trustee, subject to the court's approval, may assume

---

[2] "Rule 59 F. R. Civ. P. applies in cases under the Code, except as provided in Rule 3008." Fed. R. Bankr. Proc. 9023. Rule 3008 governs reconsideration of claims.

3

or reject any executory contract or unexpired lease of the debtor.

11 U.S.C. § 365(a).

Childs' claim in this proceeding, however, is not a claim that arises from the rejection by the debtor of an executory contract pursuant to § 365. Instead, it is undisputed that the contract between the debtor and Childs was created well before the debtor filed for bankruptcy relief. For whatever reason, that contract was terminated, and Childs sued the debtor either for breach of contract or to recover on its open account arising therefrom. In that suit, Childs recovered a state court judgment against Jinright which is the basis of its claim in this case. The judgment itself was awarded well before Jinright's bankruptcy. Hence, Childs' claim in this proceeding is not one that arises as a result of the rejection of the executory contract pursuant to § 365, but from its prepetition judgment claim following the breach of their contract.[3]

Finally, Childs argues that the time for filing its claim was extended due to the debtor's avoidance of its judgment lien. In support of that proposition, Childs points to Fed. R. Bankr. Proc. 3002(c)(3). The Rule provides in relevant part:

An unsecured claim which arises in favor of an entity or becomes allowable as a result of a judgment may be

---

[3] Because for other reasons the court finds that Childs' claim in this case is not one that arises from the rejection of an executory contract under § 365, it need not discuss whether the underlying contract was truly executory. "Where full performance has been rendered on either side, leaving only the payment of money due from the other party, however, the contract is executed rather than executory." 31 Williston on Contracts § 78:39 (4th ed.). In the case at bar, Jinright's only remaining obligation was to pay money due. Hence, the court is not satisfied that this contract was "executory" when Jinright filed for bankruptcy relief.

4

filed within 30 days after the judgment becomes final if the judgment is for the recovery of money or property from that entity or denies or *avoids the entity's interest in property*.

Fed. R. Bankr. Proc. 3002(c)(3) (emphasis added).

A secured creditor is not required to file a proof of claim in a bankruptcy case. The lien securing a claim is said to "ride through" bankruptcy unimpaired by the debtor's discharge. That is, the secured creditor, who failed or elected not to file a claim, may enforce its *in rem* rights in its collateral notwithstanding the discharge of its *in personam* rights against the debtor.[4]

The purpose of Rule 3002(c)(3) is expressed in the advisory committee's notes. "Although the claim of a secured creditor may have arisen before the petition, a judgment avoiding the security interest may not have been entered until after the time for filing claims has expired. *Under Rule 3002(c)(3) the creditor who did not file a secured claim may nevertheless file an unsecured claim within the time prescribed.*" Advisory Committee Note (1983) (emphasis added).

In the case at bar, Childs did not file a timely secured claim. It makes no difference whether its failure to do so was volitional or the result of neglect. Whatever the reason for Childs' failure to file a timely claim, it could have looked to the property encumbered by its judgment lien for the satisfaction of the indebtedness.

---

[4] A secured creditor "may ignore the bankruptcy proceedings" by filing no proof of claim and "look to the lien for the satisfaction of the debt." In re King, 165 B.R. 296, 299 (Bankr. M.D. Fla. 1994). The failure of a secured creditor to file a proof of claim does not void the creditor's lien. Southtrust Bank v. Thomas (In re Thomas), 883 F.2d 991, 997 (11th Cir. 1989); In re Tarnow, 749 F.2d 464 (7th Cir. 1984); 11 U.S.C. § 506(d)(2).

Yet, when the debtor avoided Childs' judgment lien pursuant to 11 U.S.C. § 522(f), Childs no longer had an *in rem* property interest to look to for the satisfaction of its claim. Thereafter, if Childs was to recovery anything on its claim, it could only look to the bankruptcy estate for distributions to unsecured creditors. This situation is precisely the kind that Rule 3002(c)(3) contemplates.

Here, Childs' attempt to file a secured proof of claim failed because it did so untimely. However, on January 18, 2006, Childs' lien was avoided by order of the court. Pursuant to Rule 3002(c)(3), Childs had 30 days after the order avoiding its lien to file an unsecured claim. Because Childs filed the unsecured claim on January 24, 2006 within that 30-day period, the claim is timely.

Conclusion

For the reasons stated herein, pursuant to Fed. R. Bankr. Proc. 9021, a separate order will enter granting Childs' motion to reconsider the disallowance of its claim and overruling the debtor's objection to the claim.

Done this the 15th day of May, 2006.

/s/ Dwight H. Williams, Jr.
United States Bankruptcy Judge

c: Debtor
Gail Donaldson, Attorney for Debtor
L. Daniel Mims, Attorney for Creditor
Curtis C. Reding, Chapter 13 Trustee